Ruffin, C. J.
 

 The cause has been brought to a hearing by the plaintiff, without any evidence to establish his case. He has not even shown his decree and execution-, much less a fraudulent purpose in any of the defendants to defeat him of his demand. Indeed, if he had shown those facts, the case of
 
 Yarbrough
 
 v.
 
 Arrington,
 
 5 Ire. Eq. 291 is in point, that he could have had no relief. The bill does not seek satisfaction out of the land upon a declaration, that Bedford’s purchase was fraudulent’; but, on the contrary, it affirms the sale, and prays payment out of the debts, created for the purchase money, upon the ground, that the securities are held by the sons of Simmons, in trust for the father, or at all events as volunteers. If the land were fraudulently sold, it would be liable at law to execution or to attachment. It is, therefore, sim
 
 *183
 
 ply a case, in which a creditor is unable to reach the effects of his non resident debtor by an attachment at law, and files a bill to attach those effects in Equity. Such a jurisdiction is unknown to the Courts of Equity. It is conferred on them by Statute in some of the States; but there is no such Statute in this State, nor any precedent of the exercise of such a jurisdiction. The Court was therefore obliged to hold in the case cited, for the reasons there given, that such a bill will not lie. Consequently, there must be an order, that the suns, paid in by Bedford, Davis, and Hauser respectively, be returned to them and the interest thereon accrued, or that the securities held for the money be transfered to them ; and the bill must be dismissed with costs.
 

 Per Curiam.
 

 Decreed accordingly.